FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 30, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JONAH H.,

      Plaintiff,

v.

FRANK BISIGNANO,
Commissioner of Social Security,[1]

      Defendant.

No. 1:24-CV-03055-JAG

ORDER GRANTING PLAINTIFF's MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS

**BEFORE THE COURT** are Plaintiff's Opening Brief and the Commissioner's Brief in response. ECF Nos. 10, 13. Attorney James Tree represents Jonah H. (Plaintiff); Special Assistant United States Attorney David J. Burdett represents the Commissioner of Social Security (Defendant).[2] The parties have consented to proceed before a magistrate judge by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2), as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. ECF No. 3. After

---

[1] Frank Bisignano became the Commissioner of Social Security May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano is substituted as the defendant in this suit. *See* 42 U.S.C. § 405(g).

[2] Attorney David J. Burdett entered a notice of substitution on September 19, 2025. ECF No. 15.

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 1

reviewing the administrative record and the briefs filed by the parties, **Plaintiff**'s Motion requesting remand is **GRANTED in part and denied in part**, and Defendant's Motion is **GRANTED in part,** such that the case is **REMANDED FOR FURTHER PROCEEDINGS.**

## I.    JURISDICTION

Plaintiff filed applications for Supplemental Security Income on August 16, 2017, and for child's insurance benefits on December 20, 2017, alleging disability since July 2, 2006.  Plaintiff's claims were denied initially and on reconsideration. Administrative Law Judge (ALJ) Virginia M. Robinson held a hearing on November 26, 2019, and issued an unfavorable decision on January 8, 2020, Tr, 20-35.  The Appeals Council denied review on July 30, 2020.  Tr. 1-4.  The ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed action for judicial review on September 15, 2020.  Tr 590-592 (1:20-CV-03149-JAG).  On September 13, 2022, this Court issued an Order Granting Plaintiff's Motion for Summary Judgement and Remanding for Additional Proceedings.  Tr. 573-587 (1:20-CV-03149-JAG).  On remand, ALJ Allen Erickson held a hearing on November 2, 2023, and issued an unfavorable decision on February 14, 2024. Tr. 446-466.  Plaintiff appealed this final decision of the Commissioner on April 18, 2024.  ECF No. 1.

## II.    STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here.  Plaintiff filed for disability with an alleged onset of July 2, 2006.  Benefits were initially denied on November 8, 2017, and Plaintiff appealed.  ALJ Robinson held a hearing on November 26, 2019, and denied benefits on January 8, 2020.  Plaintiff appealed and the Court issued an Order Granting Plaintiff's Motion for Summary Judgment and Remanding for Additional

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 2

Proceedings.  Tr 573-587.  In that order, the Court instructed the ALJ to: 1) reconsider Dr. Bowes' opinion, taking into consideration the factors required by the regulations and considering the record as whole; 2) carefully reevaluate Dr. Cline's opinion in the context of the entire record; 3) reconsider the persuasiveness of the medical opinion evidence in the file, utilizing the assistance of medical expert testimony; and, 4) carefully reevaluate Plaintiff's symptom claims in the context of the entire record.  *Id*.  On November 2, 2023, ALJ Erickson held a hearing and issued a decision denying benefits on February 14, 2024.  Tr. 446-466. At the time of the hearing, Plaintiff was 25 years old.  The record before the Court shows Plaintiff has a 10th grade education and minimal work history during the closed period.  Tr. 239-40, 249-53.  Plaintiff's mental health diagnoses include depression, generalized anxiety disorder, panic disorder, social anxiety disorder, borderline personality disorder, and post-traumatic stress disorder.  Tr. 323, 329, 333-351, 402.  Treatment has included psychiatric hospitalization, counseling, and medications including Fluoxetine.  Tr. 323, 333-351, 373.  Plaintiff saw significant improvement in 2023, including a quick promotion at his job, and requested a closed period of disability ending May 17, 2023.  ECF 10 at 3.

### III.    STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 3

reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## IV.    SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## V.     CHILDHOOD DISABILITY INSURANCE BENEFITS

Title II of the Social Security Act provides disabled child's insurance benefits based on the earnings record of an insured person who is entitled to old-age or disability benefits or has died.  42 U.S.C. § 402(d); 20 C.F.R. § 404.350(a).  The same definition of "disability" and five-step sequential evaluation outlined above governs eligibility for disabled child's insurance benefits.  *See* 42 U.S.C. § 423(d); 20 C.F.R. § 404.1520(a)(1)-(5).  In addition, in order to qualify for disabled child's insurance benefits several criteria must be met.  20 C.F.R. §§ 404.350(a)(1)-(5).  As relevant here, if the claimant is over 18, the claimant must "have a disability that began before [he] became 22 years old."  20 C.F.R. § 404.350(a)(5).

## VI.     ADMINISTRATIVE FINDINGS

On February 14, 2024, the ALJ issued a decision finding Plaintiff was not disabled as defined in section 223(d) of the Social Security Act prior to July 1, 2020, the date he attained age 22.  Tr. 446-473.

At *step one*, the ALJ   found that Plaintiff had not attained age 22 as of July 1, 2016, and had not engaged in substantial gainful activity since that date.  Tr. 449.

At *step two*, the ALJ found Plaintiff had the severe impairments of major depressive disorder, generalized anxiety disorder, and posttraumatic stress disorder (PTSD).  Tr. 449.

At *step three*, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equal one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).  Tr. 450.

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 5

The ALJ also found that Plaintiff has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with the following non-exertional limitations:

> the claimant can understand, remember, and apply short and simple instructions and can perform routine, predictable tasks; not in a fast-paced, production-type environment. He can make simple decisions and can be exposed to occasional, routine workplace changes; and can have occasional interaction with the general public.

Tr. 452.

At **step four**, the ALJ found that Plaintiff had no past relevant work. Tr. 465.

At **step five**, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing jobs that existed in significant numbers in the national economy that Plaintiff could perform, specifically identifying the representative occupations of janitor, store laborer, and kitchen helper. Tr. 465-466

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision.  Tr. 466.

## VII.   ISSUES

The question presented is whether this Court should remand for benefits or for further proceedings, as both the Plaintiff and Defendant agree that reversible legal error has occurred in the ALJ's decision.

Plaintiff contends that the ALJ erred by: (1) not properly assessing claimant testimony; and, (2) not properly assessing the medical opinions and Listings and that reversal for benefits is the appropriate remedy.

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 6

1    Defendant contends that the ALJ erred by not offering the supplemental

2  hearing and further consideration of Dr. Rubin's testimony and that reversal for

3  further administrative proceedings is the appropriate remedy.

4                              **VIII.  DISCUSSION**

5  **A.    Medical Opinions**

6    Plaintiff argues the ALJ erred by improperly evaluating the opinions of S.

7  Rubin, Ph.D.; T. Bowes, Psy.D.; R.A. Cline, Ph.D.; S. Haney, M.D.; and R.

8  Eisenhauer, Ph.D.  ECF No. 10 at 14-20.

9    For claims filed on or after March 27, 2017, the ALJ must consider and

10  evaluate the persuasiveness of all medical opinions or prior administrative medical

11  findings from medical sources.  20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a)

12  and (b).  The factors for evaluating the persuasiveness of medical opinions and

13  prior administrative findings include supportability, consistency, the source's

14  relationship with the claimant, any specialization of the source, and other factors

15  (such as the source's familiarity with other evidence in the file or an understanding

16  of Social Security's disability program).  20 C.F.R. §§ 404.1520c(c)(1)-(5),

17  416.920c(c)(1)-(5).

18    Supportability and consistency are the most important factors, and the ALJ

19  must explain how both factors were considered.  20 C.F.R. §§ 404.1520c(b)(2),

20  416.920c(b)(2).  The ALJ may explain how the ALJ considered the other factors,

21  but is not required to do so, except in cases where two or more opinions are equally

22  well-supported and consistent with the record.  *Id.* Supportability and consistency

23  are explained in the regulations:

24

25    (1) *Supportability*. The more relevant the objective medical evidence
26    and supporting explanations presented by a medical source are to
       support his or her medical opinion(s) or prior administrative medical
27    finding(s), the more persuasive the medical opinions or prior
       administrative medical finding(s) will be.

28

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 7

1
2
3
4

(2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

5

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2).

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

The Ninth Circuit has addressed the issue of whether the regulatory framework displaces the longstanding case law requiring an ALJ to provide specific and legitimate reasons to reject an examining provider's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). The Court held that the 2017 regulations eliminate any hierarchy of medical opinions, and the specific and legitimate standard no longer applies. *Id.* at 788-89, 792. The Court reasoned the "relationship factors" remain relevant under the new regulations, and thus the ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records. *Id.* at 790, 792. Even under the new regulations, an ALJ must provide an explanation supported by substantial evidence when rejecting an examining or treating doctor's opinion as unsupported or inconsistent. *Id*. at 792.

21

### 1.    <u>**S. Rubin, Ph.D.**</u>

22
23
24
25
26

Dr. Rubin was the Medical Expert at the hearing on November 2, 2023. Dr. Rubin opined that Plaintiff was not able to work during the time period in question. Tr. 487. Dr. Rubin did not agree with Dr. Bowes who found severe limitations, but did find that they were certainly marked. Tr. 490-491. Specifically, Dr. Rubin stated Plaintiff had moderate limitations in cognitive abilities, marked limitations

27
28

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 8

in interacting with others, and marked limitations in concentration, persistence, or pace. Tr 489.

At the conclusion of the hearing, the ALJ stated "If I do not find disability or can't find it yet, we will have a supplemental hearing for the ME to – because he believes that there is a disability. So, if I disagree with that we're going to have a supplemental hearing." Tr 517. The ALJ did not hold another hearing, but ultimately found Dr. Rubin's opinion was "not persuasive because it is neither well supported nor consistent with the record as a whole." Tr 452. Since there was no supplemental hearing held, Plaintiff asserts his due process rights were violated and that Dr. Rubin's testimony should be credited as true. ECF No. 10 at 14-15. Defendant concedes legal error by the ALJ in not offering a supplemental hearing and asserts further consideration of Dr. Rubin's testimony is necessary. ECF No. 13 at 2.

Supportability is one of the most important factors an ALJ must consider when determining how persuasive a medical opinion is. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The more relevant objective evidence and supporting explanations that support a medical opinion, the more persuasive the medical opinion is. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). The ALJ stated that Dr. Rubin's opinion did not have sufficient evidence or support and was conclusory and speculative. Tr 463. Dr. Rubin testified, however, that he reviewed the medical evidence in the case, Tr. 486, and the ALJ's reasoning is not supported by substantial evidence. The ALJ failed to provide proper reasons for discounting the testimony of Dr. Rubin and did not discuss the consistency of Dr. Rubin's opinion with other medical opinions, specifically Dr. Bowes' opinions. The ALJ also failed to provide specific reasoning and examples as to why he found Dr. Rubin's testimony inconsistent with the record as a whole. And, as conceded by Defendant, the ALJ further failed to hold a supplemental hearing with Dr.

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 9

Rubin, as he stated he would if he did not find disability, noting that Dr. Rubin testified to claimant being disabled at the hearing.  Tr. 517.  A supplemental hearing with Dr. Rubin would serve to further develop the record.

The ALJ erred by not holding a supplemental hearing and not properly assessing Dr. Rubin's opinion under the factors required by the regulations.  On remand, the ALJ shall hold a supplemental hearing with Dr. Rubin in order to further develop the record with respect to Dr. Rubin's testimony.  The ALJ is further ordered to reconsider Dr. Rubin's testimony in light of the record as a whole, considering the consistency of Dr. Rubin's testimony with other medical opinions.

### 2. *T. Bowes, Psy.D.*

Dr. Bowes, Psy.D. evaluated the claimant in 2018 and found he had marked limitations in: tasks following detailed instructions, adapting to changes in a routine work setting, asking simple questions or requesting assistance, communicating and performing effectively in a work setting, and maintaining appropriate behavior in a work setting; and she found severe limitations in: performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances without special supervision, and completing a normal work day and work week without interruptions from psychologically based symptoms. Tr. 402.  The ALJ did not find Dr. Bowes' opinion persuasive because it was expressed in a checkbox form and relied primarily on the claimant's subject reports.  Tr. 463.

The Court first notes that the prior order for remand specifically instructed the ALJ to reconsider Dr. Bowes' opinion, taking into consideration the factors required by the regulations and considering the record as a whole.  Tr. 583.  The order found "the ALJ's findings that the record as a whole is inconsistent with Dr. Bowes' opinion is not supported by substantial evidence.  The ALJ also erred in

citing portions of the record showing milder findings while the longitudinal record showed more mixed results, leading to a characterization of the medical evidence as whole that is not supported by substantial evidence." Tr. 582.  The ALJ failed to follow this instruction and again failed to provide sufficient reasoning for discounting Dr. Bowes' opinion and has also failed to assess the consistency of Dr. Bowes' opinion with the medical expert testimony.

Second, the ALJ found Dr. Bowes unpersuasive because she expressed her opinion in the form of a check-box.  This is not a sufficient reason to discount Dr. Bowes' opinion. "[T]here is no authority that a 'check-the-box' form is any less reliable than any other type of form." *Trevizo v. Berryhill*, 871 F.3d 664, 677 n.4 (9th Cir. 2017).  Here, Dr. Bowes conducted a psychological interview, mental status exam and provided an explanation of her findings, as discussed *infra*. Tr. 399-404.  The ALJ's finding that Dr. Bowes' opinion was unpersuasive because she used a check-box form is not supported by substantial evidence.

Third, the ALJ found Dr. Bowes unpersuasive because "she did not review any records in evaluating claimant, which indicates that she relied primarily on the claimant's subject reports, yet she noted that his score on the BDI was above the cutoff score to render it invalid and also noted that there were no records to corroborate the diagnoses he reported." Tr. 463.  In the same sentence the ALJ states that Dr. Bowes relied only on the claimant's subject reports *and* referenced an objective test used in evaluating claimant.  *Id*.  This is contradictory.  Further, this assessment is not supported by the record.  Dr. Bowes is a mental health specialist, who performed an exam, including history and mental status exam, as well as psychological testing.  Dr. Bowes made clinical findings, completed an MSE, and specifically included a section in the records for "Objective Data Collected." Tr. 401.  Here, Dr. Bowes recorded results on psychological tests including Trails A and B, Rey, Beck Depression Inventory, and Becks Anxiety

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 11

Inventory.  *Id*.  The conclusion that Dr. Bowes relied primarily on Plaintiff's self-report is therefore not supported by the record.  Further, as noted in the Plaintiff's Opening Brief, ECF No. 10 at 17, the ALJ's statement that Dr. Bowes noted the BDI score above the cutoff score was invalid is a misstatement of the record.  That notation is from Dr. Cline's records.  Tr 412.  Dr. Bowes found claimant was "clearly extremely depressed- very low energy/presence/agency in the room," Tr. 403, which is consistent with the results of the BDI administered by Dr. Bowes resulting in a severe score.

The Ninth Circuit in *Ghanim* contemplated that medical sources rely on self-reports to varying degrees and held that an ALJ may reject a medical source's opinion as based on unreliable self-reports only when the medical source relied "more heavily on a patient's self-reports than on clinical observations."  *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014).  There is no indication that Dr. Bowes relied more heavily on Plaintiff's self-reports than clinical observations.  The ALJ's rejection of Dr. Bowes' opinion, is therefore, not supported.

Upon remand, the ALJ is, again, instructed to reconsider Dr. Bowes' opinion, taking into consideration the factors required by the regulations and considering the record as a whole, including the issues noted above as well as other aspects of Dr. Bowes' opinion.

### 3.  *R.A. Cline, Psy.D.*

The ALJ found Dr. Cline's opinion to be persuasive in part because it was consistent with the record as a whole, but found it not entirely persuasive because she did not provide narrative explanation or cite objective support for the limitations she assessed.  Tr 463.  First, the Court notes the prior order for remand specifically instructed the ALJ to carefully reevaluate Dr. Cline's opinion in the context of the entire record and reconsider the persuasiveness of the medical opinion evidence in the file, utilizing the assistance of medical expert testimony to

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 12

assist in interpretation of mental health testing and other findings relevant to Plaintiff's mental health impairments. Tr 584-585. The ALJ failed to follow this instruction and has therefore failed to provide sufficient reasoning for discounting Dr. Cline's opinion and has also failed to assess the consistency of Dr. Cline's opinion with the medical expert testimony.

Dr. Cline is a mental health specialist, who performed an exam, including history and mental status exam, as well as psychological testing. Dr. Cline reported Plaintiff's scores on Rey, BAI and BDI. Tr 328. The ALJ's conclusion that Dr. Cline did not cite objective support for the limitations she assessed is not supported by substantial evidence. Upon remand, the ALJ is instructed to reconsider Dr. Cline's opinion, taking into consideration the factors required by the regulations and considering the record as a whole, including the issues noted above as well as other aspects of Dr. Cline's opinion.

**B.      Plaintiff's Testimony.**

Plaintiff argues the ALJ erred by improperly assessing Plaintiff's testimony. ECF 10 at 2-13. It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 13

1  complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.

2  1993).

3      In the Court's prior order for remand, the Court found:

4      The ALJ's evaluation of Plaintiff's symptom claims and the resulting
       limitations largely relies on the ALJ's assessment of the medical
5      evidence. Having determined a remand is necessary to readdress the
       medical opinion evidence, any reevaluation must necessarily entail a
6      reassessment of Plaintiff's subjective symptom claims. Thus, the Court
       need not reach this issue and on remand the ALJ must also carefully
7      reevaluate Plaintiff's symptom claims in the context of the entire
8      record. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012)
9      ("Because we remand the case to the ALJ for the reasons stated, we
       decline to reach [plaintiff's] alternative ground for remand.").
10
11  Tr 585-586.  For the same reasons, the Court need not reach this issue and on

12  remand the ALJ is again directed to reassess Plaintiff's subject symptom claims.

13                    **IX.    CONCLUSION**

14      "The decision whether to remand a case for additional evidence, or simply to

15  award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d

16  1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir.

17  1985)).  When the Court reverses an ALJ's decision for error, the Court "ordinarily

18  must remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d

19  1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir.

20  2004) ("the proper course, except in rare circumstances, is to remand to the agency

21  for additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec.*

22  *Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).  However, in a number of Social

23  Security cases, the Ninth Circuit has "stated or implied that it would be an abuse of

24  discretion for a district court not to remand for an award of benefits" when three

25  conditions are met.  *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)

26  (citations omitted).  Under the credit-as-true rule, where (1) the record has been

27  fully developed and further administrative proceedings would serve no useful

28

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 14

purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court will remand for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).

Plaintiff urges remand for immediate benefits based on the rejection of medical opinions and claimant testimony, ECF Nos. 10, 13. However, the Court finds that further development of the record, including additional medical expert testimony, is required. As such, the first prong of the credit-as-true doctrine is not met. Accordingly, the case is remanded for additional proceedings consistent with this Order.

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and is based on legal error. Accordingly, **IT IS ORDERED**:

1.    Plaintiff's Motion, **ECF No. 10,** is **GRANTED IN PART**.

2.    Defendant's Motion, **ECF No. 13,** is **GRANTED IN PART**.

3.    The Commissioner's decision is **REVERSED** and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4.    An application for attorney fees may be filed by separate motion. Judgment shall be entered for PLAINTIFF and the file shall be **CLOSED**.

DATED September 30, 2025.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE